JOHN FLANAGIN v. FEDERAL CHAMPION and JESSE H. BOWEN.

On a bill filed against C. and B. as partners, the declarations of C. are not admissible against B. to prove the partnership. The declaration of one partner is only admissible against the other, after the fact of the partnership is established.

The declarations of one partner, made after the dissolution of the partnership, are not admissible to charge his copartner.*

THIS cause came before the chancellor for final hearing, upon the bill, answer, replication, and proofs. Jesse H. Bowen alone

* NOTE, This rule prevails in New-York, and the weight of American authority is in conformity with it. *Hackley* v. *Patrick*, 3 *Johns.* 536; *Walden*

[Flanagin v. Champion and Bowen.]

answered. The charges of the bill, the nature of the defence, and the evidence relied upon by the respective parties, so far as are necessary to a clear understanding of the case, appear in the opinion of the chancellor.

*Jeffers*, for complainant.

*Wall*, for defendant.

THE CHANCELLOR. The complainant is a merchant in the city of Philadelphia, who, during the summer and fall of 1833, sold goods to a considerable amount to Federal Champion, who was a storekeeper at Gravelly Run, in the county of Gloucester, in this state. Shortly after selling these goods to Federal Champion, he failed for a large amount; and upon investigating his course of conduct for some time previous to his failure, and particularly on finding the extent of his recent debts, no doubt remained on the mind of the complainant of his fraudulent conduct. His conduct after his failure, in trifling with his creditors, by abortive attempts at settlement, was well calculated to strengthen this belief. The complainant has entered up a judgment against Federal Champion for his demand, or a part thereof, and taken out execution against his property. Standing as a judgment and execution creditor of Federal Champion, the complainant has filed his bill, as well in his own behalf as in behalf

et al. v. *Sherburne et al.* 15 *Johns.* 424; *Mitchell* y. *Roulstone et al.* 2 *Hall*, 351; *Shelton* v. *Cocke et al.* 3 *Munf.* 191; *Rootes* v. *Welford and Co.* 4 *Munf.* 215; *Walker et al.* v. *Duberry*, 1 *Marshal*, 189.

But it seems the English rule is otherwise. After a dissolution of partnership, the admission of one partner will be binding upon his copartners, if it relate to a transaction which occurred during its continuance; although in matters which have subsequently arisen, the admission of one partner is not evidence to charge the other members of the firm. *Wood* v. *Braddick*, 1 *Taunt.* 104; *Evans* v. *Drummond*, 4 *Esp. N. P. C.* 89· *Pritchard* v. *Draper*, 1 *Russ. and Mylne*, 191; 2 *Starkie's Ev.* (6th American edition) 25; *Gow on Part.* 90, 237, 238. And this rule has the sanction of several American authorities. 1 *Gallison*, 635, per Story, J.; 3 *Hayw.* 310, 311; 2 *Bay*, 533. See also *Smith* v. *Walker et al.* 6 *Johns.* 267.

of all other creditors of the said Federal Champion, who should come in and contribute to the expenses of this suit; and after a very full statement of all his transactions with Federal Champion, charges, that Jesse H. Bowen was a partner of Champion, and bound to pay his debt. The bill further seeks to set aside a judgment entered up in the inferior court of common pleas for the county of Gloucester, on the 11th day of August, 1834, in favor of the said Jesse H. Bowen, against the said Federal Champion, for five thousand dollars, or thereabouts, as being fraudulent and void against creditors, and without consideration.

To this bill Jesse H. Bowen alone has answered. That answer is full and explicit to the charges made in the bill. Upon the charge made against him of being a partner, he denies any such partnership, or any other connexion in business with him, except, as the owner of the timber standing on two tracts of land in the county of Gloucester, he agreed to let Federal Champion coal the same, on condition that he delivered to him one fifth of the coal made thereon; which agreement he afterwards varied, so as to let said Champion send all the coal to market, and pay him one fifth of what the same should bring, after deducting freight and inspection. As to the judgment, the defendant says the bond on which the same was entered was given for a note which he held of Champion's, and which was justly due him, and given for cash at different times lent, paid and advanced to him, and for cord-wood, coal, flick-stuff and planks, sold and delivered by him to the said Federal Champion.

From a careful reading of the answer, I consider it a direct and full denial of the existence of any partnership, or connexion in business in any way, except as to coaling the timber on the aforesaid tracts of land. There is no equivocation or evasion on the subject. And as to the judgment, the defendant has made out a full and legal consideration. So far, therefore, as the answer is concerned, it is responsive to the material charges made in the bill, and the defendant must have the full benefit of it.

We are, then, to look into the evidence, to see whether the complainant has overcome this answer. It will be seen, that

much reliance has been placed upon the declarations of Federal Champion, repeatedly made to witnesses, that Jesse H. Bowen was his partner. I cannot for a moment listen to such evidence. Nothing could be more dangerous, than to allow the declarations of a man deeply involved in debt, to make out that another was his partner. No man would be safe. Even in a case of actual partners, the declarations of one partner cannot be given in evidence, to affect the other, after the dissolution of the firm. It was said on the argument, that where a prima facie partnership was proved, the declarations of one of the partners may be used against the other. This kind of evidence, however, can never be relied on to establish the fact of a partnership, but may be competent on other points, when the court, from the other evidence in the case, see good reason to believe that there was a partnership. I shall, therefore, reject the declarations of Federal Champion, in examining the evidence on this subject. The evidence should be satisfactory in a case of this kind, not of a doubtful character, as the consequences must be, if made out that this man was a partner, that he will be called on to answer heavy demands, and probably to an amount entirely ruinous.

One fact relied on by the complainant to establish the existence of a partnership, is an occurrence that took place on one occasion, when Federal Champion was arrested for debt by the sheriff of Gloucester. Champion sent for Bowen, to be his security for his appearance at court, which he refused to do. Champion then pulled an instrument of writing out of his pocket, and said, "Damn him, he is my partner." He read the instrument, and the witness says he does not understand the nature of instruments of that character, but he took it to be an article of copartnership. He thought it read strong, and was a general partnership. The witness stated, that he knew the hand-writing of both Bowen and Champion, and he believes the instrument was in the hand-writing of one or both of them, he cannot say which. Another witness, Mr. Walker, states, that the hand-writing of these men are not at all alike. When Champion read this paper, he was on horseback. This evidence is entirely too loose. The witness

[Flanagin v. Champion and Bowen.]

did not have the paper in his hand, but depended entirely on the reading of Champion, sitting on his horse, and gives his own construction of the character of the instrument. It may have related to the bargain between the same parties for coaling. It must be remembered, that Champion was enraged at Bowen for not becoming his surety. On another occasion, Bowen was asked if he was in partnership with Champion: he answered, "we are concerned together." He said they were partners; but did not say they were partners in the store. All this may be very fairly ascribed to the connexion the parties had in the coaling; and the same witness adds, that since the above conversation, Bowen told him their partnership consisted in the trade of coal. Another witness says, that at the time they were engaged in coaling, the hands were paid out of Champion's store, and Bowen said he had a mind to go into partnership with Champion, to share in the profits he made out of the hands. This is all the witness heard on the subject: he no where pretends that they actually did go into partnership. At another time, when engaged in coaling, a witness was employed to run out the land, and he understood from the conversation of Bowen and Champion, that they were in partnership in cutting and coaling: and he adds, I thought they were in partnership in the store, because the hands were paid out of the store. After Champion's failure, this witness asked Bowen how Champion could fail and he not, as they were partners? He answered, they never were in partnership in any other way than in the coaling. He distinctly says, that in his conversations with Bowen and Champion, the word "store" was not mentioned.

The main evidence to make out a partnership between Bowen and Champion, are the declarations of Champion; and if such evidence could satisfy my mind, the case would be clearly proved. He said they were partners, over and over again: but I consider it illegal evidence. Even if the rule be admitted, that such evidence is competent to establish the fact of a partnership, after a prima facie case of partnership is made, still, in the present case, no such prima facie case is made out. The whole evi-

[Flanagin v. Champion and Bowen.]

dence is of the slightest character. The fact of the parties being concerned partially in the coaling of the two tracts of timber, may and probably has given rise to much of the evidence on this subject. If there was in reality a general partnership existing between these men, it would seem very strange that no man, not even the clerks in the store, who have been examined, knew any thing about it.

The evidence, therefore, in my judgment, fails to establish a general partnership between the defendants.

As to the judgment of Bowen against Champion, which is attempted to be impeached, it rests upon the answer. No evidence is offered changing the case there made. The answer shows a sufficient consideration, and there is no ground for disturbing the validity of the judgment.

Much is said in the case about Bowen's recommending Champion to the complainant and others as a responsible man, and there is too much reason to believe, from all his conduct with Champion throughout this transaction, that his countenance has enabled Champion to impose more largely on confiding creditors. The credit, however, was given by the complainant to Champion himself. At the time of selling him the goods he entertained no opinion that he had any partner.

It is charged in the bill, also, that there was a contrivance between Bowen and Champion, by which it was fraudulently agreed between them, that Champion should buy the goods, and Bowen stand by with his judgment and protect his property until he could defraud his creditors. This is denied by the answer, and in no way sustained by the evidence.

It is further charged, that Bowen acted fraudulently in entering up a judgment, after promising to share the same fate with the other creditors. I cannot consider him bound by a general declaration of this kind, especially as the other creditors were in no way bound to him. But inasmuch as his promise went no farther than to abide by any arrangement which all the creditors should make, I cannot hold him in any way obligated, after one of those creditors, the chairman of the meeting, (Collin Cooper,)

declined coming into any arrangement, and sought his remedy in his own way.

While, therefore, I have to regret the loss which the complainant, and other creditors, have sustained at the hands of Federal Champion, and would be very far from approving the course of conduct pursued by Jesse H. Bowen in relation to this whole affair, there is no such case made out as will enable me to charge him as a partner of Federal Champion, or to disturb his judgment.

The bill, therefore, as to Jesse H. Bowen, must be dismissed with costs.